**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC PIETER SOEMAMPOUW;<br>INDRA WATI PINKAN EMAN,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | Nos. 06-71353<br>06-73767<br><br>Agency Nos. A096-229-522<br>A097-349-836<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

In these consolidated cases, Eric Pieter Soemampouw and Indra Wati Pinkan

Eman, natives and citizens of Indonesia, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

judge's ("IJ") decision denying their application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT") in No. 06-71353, and the BIA's order denying their motion to reopen proceedings in No. 06-73767. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review for abuse of discretion the denial of a motion to reopen, and we review de novo due process claims based on ineffective assistance of counsel, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review in No. 06-71353, and deny the petition in No. 06-73767.

The record does not compel the conclusion that petitioners established changed circumstances excusing the untimely filing of their asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, petitioners' asylum claim fails.

Even as members of a disfavored group, petitioners failed to demonstrate the requisite individualized risk of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003); *see also Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail"). Accordingly, petitioners' withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because petitioners have not shown it is more likely than not they would be tortured in Indonesia. *See id*. at 1067-68.

We lack jurisdiction to review petitioners' unexhausted due process claim regarding the agency's failure to serve them with the IJ's revised decision. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Lastly, the BIA did not abuse its discretion by denying petitioners' motion to reopen based on ineffective assistance of counsel, because petitioners did not establish they were prejudiced by prior counsel's actions. *See Iturribarria*, 321 F.3d at 901-03.

**No. 06-71353: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 06-73767: PETITION FOR REVIEW DENIED.**